IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

TIMOTHY AND CYNTHIA HOLT,

    Plaintiffs,

v.                                                      No. 1:08-cv-01285

MACY'S RETAIL HOLDINGS, INC.,
and DEPARTMENT STORES
NATIONAL BANK,

    Defendants.
_____

**ORDER GRANTING IN PART AND DENYING IN PART COUNTER-PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**
_____

Plaintiffs, Cynthia and Timothy Holt, filed suit against Defendants, Macy's Retail Holdings ("Macy's") and Department Stores National Bank ("DSNB"), in the Circuit Court of Madison County, Tennessee, which the Defendants (sometimes collectively "Macy's") removed to this Court on November 19, 2008. (Docket Entry ("D.E.") No. 1.) The Defendants subsequently filed a counterclaim against the Plaintiffs for breach of contract, unjust enrichment, and attorneys' fees. Pending before the Court is the motion of Macy's and DSNB (hereinafter "Counter-Plaintiffs' ") for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure (D.E. No. 70), to which the Holts have responded. (D.E. No. 79.) For the reasons set forth hereinafter, the Court **GRANTS IN PART AND DENIES IN PART** the Counter-Plaintiffs' motion.[1]

---

[1] The Court has explained the factual background of this matter in detail in two prior Orders (D.E. Nos. 49 and 93), which are incorporated herein by reference.

STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that

> judgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c)(2); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). When the motion is supported by documentary proof, such as depositions and affidavits, the nonmoving party may not rest on the pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; *see also* Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir.1998). It is insufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In the Sixth Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [an] asserted cause[] of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). Finally, the

"judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

   A. Breach of Contract

"To maintain an action for breach of contract, a plaintiff must establish (1) the existence of an enforceable contract, (2) non-performance of the contract amounting to a breach of that contract, and (3) damages flowing from the defendant's nonperformance." Byrd & Associates, PLC v. Siliski, 2007 WL 3132929, at *6 (Tenn. Ct. App. 2007) (citing Ingram v. Cendant Mobility Fin. Corp., 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006). The Counter-Plaintiffs aver that the Holts "opened a Macy's credit card account ending in 4570 in 2004," the unpaid balance on which is currently $94,033.05. (D.E. No. 70, Counter-Plaintiffs' MSJ, pp. 1-2.) Because the account is in default, the Counter-Plaintiffs, citing the provisions of the credit card agreement obligating the Counter-Defendants to pay for their purchases as well as for court costs and attorneys' fees if collection efforts are required, assert that the Holts "are in breach of the credit card agreement and are indebted to the counter plaintiffs in the amount of the balance, plus applicable prejudgment interest, post judgment interest, costs and attorneys [sic] fees as provided by the credit card agreement." (Id. at p. 2); *see also* (D.E. No. 70-2, Volz Affidavit, pp. 1-2.)

In response, the Holts contend (just as they do in their response to the Defendants' other summary judgment motion) that "[t]he existence of the subject Macy's credit card agreement in writing with both parties' signatures as well as the validity thereof are being disputed." (D.E. No. 79-2, Response to Counter-Plaintiffs' MSJ, p. 11.) However, they say nothing further on the subject: they do not explain how or in what ways the contract is being disputed nor do they offer any evidence that would indicate coercion, duress, fraud, forgery, or any other extenuating circumstance. Furthermore, they do not cite to the record or to any legal authority to support their

3

position. In short, their statement that the existence / validity of the agreement "is being disputed" is nothing more than a conclusory allegation. "Conclusory assertions, supported only by [a party's] own opinions, cannot withstand a motion for summary judgment." Arendale v. City of Memphis, 519 F.3d 587, 605 (6th Cir. 2008) (citations omitted).

The remainder of the Holts' response to the breach-of-contract claim amounts simply to a justification. Essentially, they argue that they have not breached the contract because they attempted to return the merchandise for which they have not paid:

> Cynthia attempted to return everything that is the subject of this litigation back to Macy's within the appropriate timeframe of their [sic] return policy for a full refund yet all of the Macy's employees and representatives to whom [sic] the Plaintiffs approached flatly refused and/or otherwise failed to accept the timely return of everything that is the subject of this lawsuit and fully reimburse the Plaintiff for such.

(D.E. No. 79-2, Response to Counter-Plaintiffs' MSJ, p. 11.) Even if the Court had not already found these contentions to be meritless in its prior Order (D.E. No. 93), the fact remains that none of these statements are denials of Macy's assertions that the Holts still have the jewelry and have not paid the outstanding balance on the credit card.[2] Thus, whatever value these arguments may have had in Plaintiffs' response to the Defendants' prior motion for summary judgment, they have no bearing upon the fact that the Holts are in default with respect to their contractual obligations. Accordingly, because the Holts do not contest the Counter-Plaintiffs' contentions to that effect, the Counter-Plaintiffs are entitled to summary judgment on their claim for breach of contract.

The Counter-Plaintiffs assert that the outstanding debt that the Holts owe on the credit

---

[2] Insofar as the Holts are asserting that the credit card debt is illusory, vis-à-vis the fact that they attempted to return the jewelry, the Court already has discounted this contention in its prior Order. (D.E. No. 93.) Because they did not attempt to return the merchandise within the clearly stated returns period, they do not have a legitimate argument that they should have been allowed to return the jewelry, and therefore, there is no basis to conclude that the debt is invalid.

card is $94,033.05, plus pre- and post-judgment interest. (D.E. Nos. 6, Answer/Counterclaim, p. 17; 70-2, Volz Affidavit, pp. 1-2.) However, they have not provided any documentation as to the amount of interest they seek. Thus, although the Court holds that the Counter-Plaintiffs are entitled to recover on their breach-of-contract claim, they are hereby directed to submit additional documentation to verify the exact amount of interest to which they believe they are entitled.

   B.  Unjust Enrichment

"[U]njust enrichment and money had and received are essentially the same cause of action, being both [sic] quasi-contractual actions." Bennett v. Visa U.S.A., Inc., 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006). The Tennessee Supreme Court has explained unjust enrichment as follows:

> Unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist. Paschall's, Inc. v. Dozier, 407 S.W. 2d 150, 154-55 (Tenn. 1966). Courts will impose a contractual obligation under an unjust enrichment theory when: (1) *there is no contract between the parties* or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation. Id. at 154-55.

Whitehaven Comm'y Baptist Church v. Holloway, 973 S.W.2d 592, 596 (Tenn. 1998) (emphasis added).

The Counter-Plaintiffs seek to recover under a theory of unjust enrichment because of the Macy's money gift certificates that Cynthia Holt received in exchange for several of her jewelry purchases. (D.E. No. 70, Counter-Plaintiffs' MSJ, p. 3.) In particular, because Cynthia received $19,500 worth of gift certificates in exchange for merchandise for which she has not yet paid, the Counter-Plaintiffs assert that the gift certificates constitute unjust enrichment. (Id.) However, this contention must fail. As Tennessee courts repeatedly have held, unjust enrichment is a quasi-

5

contractual theory that is available only "where no contract exists." Freeman Indus., LLC v. Eastman Chemical Co., 172 S.W.3d 512, 524-25 (Tenn. 2005); *see also* Whitehaven, 973 S.W.2d at 596; Bennett, 198 S.W.3d at 755 n.7. In this case, clearly there is a valid contract, because it is the same contract under which the Counter-Plaintiffs have sued for remittance on the Holts' unpaid credit card bills. Because Plaintiffs are seeking recovery under the contract, they cannot also assert quasi-contractual remedies.

  However, even assuming that the Macy's money constituted a separate transaction—one that is not covered by the contract—this claim is nevertheless deficient in other ways. First, the basis of this cause of action is the fact that the Holts have not yet paid the bill for some of the merchandise that they purchased on credit. However, because of the Court's holding that the Counter-Defendants breached the contract, *supra* Section A, the Holts now will be ordered to remit the delinquent sums, thus satisfying the antecedent debt that forms the basis of this unjust enrichment claim. In other words, Macy's claim essentially is: "Because the Holts did not pay their credit card bill, they should not have been able to enjoy the benefits of the gift certificates." However, it is fair to assume that had the Holts paid their credit card bill, Macy's would not feel as though they had been unjustly enriched by the receipt and use of the Macy's money gift certificates, especially because it was Macy's that made the decision to hold the promotion whereby a customer would receive $10 worth of Macy's money for every $50 she spent. Therefore, because the Holts now will be ordered to pay their debt to Macy's, the predicate for the alleged unjust enrichment will disappear.

  Moreover, it is unclear whether Cynthia's acceptance and use of the Macy's money gift certificates created any further obligation for her, especially considering that the gift certificates were offered in the context of a promotion—much as if they were a "gift," as the moniker

implies. Gifts generally do not create a solid foundation for a contractual obligation, absent consideration. *See, e.g.*, <u>Tennessee Div. of United Daughters of the Confederacy v. Vanderbilt Univ.</u>, 174 S.W.3d 98, 114-115 (Tenn. Ct. App. 2005) (citing Tenn. Code Ann. § 35-13-103) (even if a gift is a conditional one, it is only enforceable by its express terms). Thus, if the gift certificates can be characterized as an enticement from Macy's to its repeat customers so they would purchase more items, it is logical to conclude that the transaction was a gift without any attendant contractual obligations, in which case the unjust enrichment claim also must fail. Nevertheless, as stated above, the Court need not decide whether there was a gift, because this cause of action is deficient for other reasons.[3]

CONCLUSION

For the reasons articulated herein, the Court **GRANTS IN PART AND DENIES IN PART** the Counter-Plaintiffs' motion for summary judgment. As a result, all other pending motions in this matter are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED** this, the 7th day of June, 2010.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] Count Three of the counterclaim is listed as "Attorneys' Fees," to which the credit card agreement entitles the Counter-Plaintiffs. (D.E. No. 6, Answer/Counterclaim, pp. 18-19.) As the Court noted in its previous Order (D.E. No. 93), if the Counter-Plaintiffs seek attorneys' fees, they should do so by separate motion at the appropriate time with documentation to support such a claim. Moreover, in order to obtain court costs, they should file a bill for taxation of costs with the Clerk of the Court.